THE WARDENS AND VESTRY OF CHRIST CHURCH v. THE CITY OF BURLINGTON.

Municipal Corporation: SPECIAL TAX: IMPROVEMENT OF STREETS. The resolution of a city council, declaring the necessity for the improvement of a certain street, requiring the proper committee to advertise for bids for the work, and affirming that the cost should be assessed upon the owners of abutting property, was not such an order for the work as to authorize the levy of a special tax, after the repeal of the statute under which the city was empowered to assess the cost of improvements upon adjacent lots.

*Appeal from Des Moines District Court.*

WEDNESDAY, SEPTEMBER 23.

ACTION in chancery to enforce the collection of a special assessment levied upon a lot owned by plaintiff, by the city of Burlington, for the purpose of paying for the improvement of the street upon which it abuts. A demurrer to the petition was sustained, and defendants standing thereon, a decree was entered as prayed for in the petition. Defendants appeal. The facts of the case appear in the opinion.

*A. H. Stutsman,* for appellants.

*Smyth & Hedge,* for appellees.

BECK, J.—Under Chap. 65, Acts Thirteenth General Assembly, empowering cities to provide for the improvements of their streets and to assess the cost thereof upon adjacent lots, the city of Burlington passed an ordinance of the character contemplated by this enactment. On the 15th day of April, 1872, the city council, in pursuance of this ordinance, passed

a resolution declaring that public necessity required the improvement of a street upon which plaintiffs' property is situated, and requiring the proper committee to advertise for bids for the work, and affirming that the costs of the improvement should be assessed as a special tax upon the abutting property. Nothing further was done until June, 1873, when the council, by resolution, directed the committee to enter into a contract with the lowest bidder for the improvement of the street. A contract was entered into under this resolution in August following.

The statute under which these proceedings of the city council were had was repealed by Chap. 45, Acts Fourteenth General Assembly, which took effect April 17, 1874. A proviso of the seventh section is to the effect that the repeal of the act " shall not be held to prevent the completion of any public improvement now ordered or in progress, shall not invalidate any contract, lien or tax now made or levied, or to be levied, in pursuance of such contract, nor prevent the collection thereof."

The only question necessary to be determined, in the view we take of the case, is this: Are the rights of the city to make the improvement and collect the tax preserved by the proviso above quoted? The repeal of the law under which the council proceeded renders all these acts unauthorized and invalid, unless they are within the exception provided for by the repealing act.

Was the improvement in question " ordered," in the sense of the word as used in the proviso?

Regarding the city ordinance as in compliance with the act of 1870, and considering the resolutions of the council to be in harmony with the ordinance, we are to inquire into the effect of the action of the council, contemplating the improvement in question.

The first resolution simply authorizes the proper committee to advertise for bids for the work, indicating that payment will be made therefor by special assessments upon the abutting property. It does not authorize the letting of the contract.

It clearly appears that it was so understood by the council, for that power was conferred by a subsequent resolution more than a year afterward. The council, by the first resolution, did not undertake to let the work, nor, in any sense, was the improvement ordered by it. No one was, or was to be, by the terms of the resolution, employed to make the improvement, and no committee or officer is directed to contract therefor. The resolution seems to be a preliminary step to the ordering or contracting of the work; it simply contains directions whereby the committee may ascertain the cost at which it may be done. We conclude that the work was not ordered or contracted for, and is not within the terms of the proviso of the repealing act. The action of the council in ordering and contracting the work, after the repealing statute became operative, was without authority of law. The assessment upon plaintiffs' property is therefore invalid. The demurrer to the petition was correctly sustained.

AFFIRMED.